**TONGKOOK AMERICA, INC.,**
**Plaintiff–Appellee,**

v.

**SHIPTON SPORTSWEAR COMPANY,**
**Defendant–Appellant.**

**No. 1446, Docket 92–9366.**

United States Court of Appeals,
Second Circuit.

Argued May 6, 1993.

Decided Jan. 26, 1994.

782

Jeffrey Weinberger, New York City (Scott
H. Wyner, Abraham Y. Skoff, Mitchell B.
Reiter, Winick & Rich, P.C., New York City,
of counsel), for defendant-appellant.

Before: MESKILL[1], PIERCE and
WALKER, Circuit Judges.

PIERCE, Circuit Judge:

Shipton Sportswear Company ("Shipton")
appeals from a judgment entered in the Unit-
ed States District Court for the Southern
District of New York (Miriam G. Cedarbaum,
*Judge*). Tongkook America, Inc., ("Tong-
kook") commenced this diversity action in the
district court alleging breach of contract by
Shipton and demanding judgment in the sum
of $117,621.05, plus interest. During the
course of pre-trial discovery it became clear
that the actual amount Shipton owed Tong-
kook was $36,861.05. Following a one-day
non-jury trial, judgment for Tongkook was
entered in the amount of $40,759.73, includ-
ing interest. In an order dated March 2,
1993, the district court explained that it had
subject-matter jurisdiction because both par-
ties believed that the amount in controversy
was more than $50,000 when the action was
commenced. For the reasons set forth be-
low, we vacate the judgment of the district
court, and remand with instructions to dis-
miss the complaint.

## BACKGROUND

Tongkook is a New York corporation that
manufacturers clothing abroad which is im-
ported into the United States. Shipton is a
Missouri corporation which sells men's and
boy's apparel to the retail trade. In 1989
and 1990, Shipton ordered, through several
shipments, sports pants and jackets from
Tongkook, at an agreed price of $306,762.16.
Shipton paid $189,141.11 against the sum
due, leaving an unpaid balance of $117,-
621.05.[2] Shipton's bank also issued a letter
of credit for Tongkook's benefit. On Febru-
ary 5, 1990, Tongkook drew $80,760.00 on the

Jed R. Schlacter, New York City (Bret I.
Herman, Schlacter & Schlacter, New York
City, of counsel), for plaintiff-appellee.

1. Subsequent to oral argument, Chief Judge Mes-
kill assumed senior status.

2. The $117,621.05 balance represented "an un-
paid invoice of $39,347.16 dated September 14,

1990, and $78,273.89 withheld by Shipton for an
alleged potential customs duty liability for goods
*other than* those invoiced on September 14,
1990." (emphasis in text).

letter of credit, but apparently both Tongkook and Shipton neglected to credit this amount to the outstanding balance of $117,-621.05. Thus, when the suit was commenced, the balance due was actually $36,861.05, not $117,621.05.

On February 1, 1991, Tongkook commenced the subject diversity action in the Southern District of New York, pursuant to 28 U.S.C. § 1332(a)(1), alleging damages for breach of contract of $117,621.05. Shipton answered the complaint on or about September 5, 1991, denying liability and asserting, *inter alia*, that: (i) Tongkook's "goods were not of the quality and classification as promised and warranted;" (ii) Tongkook's "goods were not of the customs category agreed upon;" and (iii) Tongkook's "conduct impaired the value of the goods." Shipton also asserted lack of personal jurisdiction, insufficiency of service of process, and improper venue. On January 15, 1992, Shipton amended its answer to include the defenses of (i) partial payment, and (ii) accord and satisfaction. Shipton did not raise the defense of lack of subject-matter jurisdiction based upon plaintiff's failure to meet the statutory jurisdictional amount of $50,000, required under § 1332(a)(1). However, in February 1992, during the course of pre-trial discovery, the letter of credit error was discovered by both parties. On May 29, 1992, Tongkook moved for summary judgment, pursuant to Fed.R.Civ.P. 56, acknowledging the payment pursuant to the letter of credit, claiming that Shipton accepted and used its goods without objection, and asserting that it was entitled to recover $37,275.77 in damages.[3]

On June 5, 1992, during a court conference, the district judge raised the issue of whether the jurisdictional amount for diversity cases was satisfied. On June 25, 1992, Shipton filed opposition papers to Tongkook's summary judgment motion. Shipton asserted, *inter alia*, that the district court lacked subject-matter jurisdiction because Tongkook

had failed to show that the amount in controversy was in excess of $50,000. On August 28, 1992, Tongkook's president, Seok S. Ha, submitted an affidavit in which he stated that when the complaint was filed, he had a good-faith belief that Tongkook was entitled to recover $117,621.05 in damages.

On September 3, 1992, the district court denied Tongkook's motion for summary judgment, stating that there were genuine issues of disputed fact. On November 5, 1992, following a one-day non-jury trial, the district court found in favor of Tongkook and awarded damages in the sum of $36,861.05.[4] On November 19, 1992, judgment for Tongkook was entered in the amount of $36,861.05, plus $3,898.68 in interest, totalling $40,759.73. Shipton timely filed a notice of appeal from the November 19, 1992 judgment of the district court. In a March 2, 1993 order explaining the basis of its determination that the court had subject-matter jurisdiction, the district court explained that it had relied upon *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938), and concluded that federal subject-matter jurisdiction existed because at the time Tongkook filed its complaint "both parties believed that the amount in dispute exceeded $50,000." For the reasons set forth below, we vacate the judgment of the district court; we remand with instructions to dismiss the complaint.

## DISCUSSION

On appeal, Shipton argues that the district court was "clearly erroneous" in retaining subject-matter jurisdiction over Tongkook's suit because, as a matter of "objective" fact, it was evident before trial that Tongkook could not recover the minimum statutory jurisdictional amount required for diversity cases. This is so, Shipton argues, because Tongkook conceded in its motion for summary judgment that the actual amount owed was approximately $37,000.

---

3. The sum of $37,275.77 represents the outstanding balance of $36,861.05, combined with "an unpaid invoice sent to Shipton dated February 7, 1990[,] for $414.72."

4. Shipton conceded liability, except with regards to a $3,000 "set-off" claim for damaged goods, at

the beginning of trial, agreeing that the "only [defense] now is lack of subject-matter jurisdiction," and apparently waiving the other defenses it had earlier raised against Tongkook's complaint.

■ The United States Code confers jurisdiction upon district courts in civil actions where, *inter alia*, "the matter in controversy exceeds the sum or value of $50,000." 28 U.S.C. § 1332(a)(1) (1988). The test for determining whether a plaintiff has met the statutory jurisdictional amount was established by the Supreme Court in *St. Paul Mercury*. In that case, the Court stated that:

. The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

*St. Paul Mercury*, 303 U.S. at 288–89, 58 S.Ct. at 590 (footnotes omitted). The fact that a plaintiff may not recover the minimum jurisdictional amount, or that a valid defense to the claim may exist, "does not show [the plaintiff's] bad faith or oust the jurisdiction." *Id.* at 289, 58 S.Ct. at 590 (footnote omitted). However,

if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*Id.* (footnote omitted). This rule was reaffirmed in *Horton v. Liberty Mutual Insurance Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961) (the amount in controversy is to be determined from the complaint itself, and, absent a showing that the amount claimed was not sought "in good faith," it " 'must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.' ") (quoting *St. Paul Mercury*, 303 U.S. at 289, 58 S.Ct. at 590) (footnote omitted).

In *Deutsch v. Hewes Street Realty Corp.*, 359 F.2d 96 (2d Cir.1966), this Court stated that "with mounting federal case loads, . . . it has become doubly important that the dis-

trict courts take measures to discover those suits which [do not belong in a federal court] and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of [the minimum statutory jurisdictional amount]." *Id.* at 98 (internal quotation marks and citation omitted). In applying *St. Paul Mercury*, the *Deutsch* court stated that the first test, i.e., the "good faith" test, is but a "linguistic variant" of the second *St. Paul Mercury* test—the "legal certainty" standard. *Id.* at 99. This interpretation of *St. Paul Mercury* was recently applied by this Court in *Ochoa v. Interbrew America, Inc.*, 999 F.2d 626, 629 (2d Cir.1993).

■ Tongkook argues that the district court had subject-matter jurisdiction because when the complaint was filed—February 1, 1991—it believed that the amount owed by Shipton was $117,621.05. In support of its "good faith" claim, Tongkook points out that (i) both parties proceeded with the litigation believing that the amount in controversy exceeded $50,000 until February 1992, when the letter of credit error was uncovered during the course of discovery; and (ii) at no time prior to February 1992 did Shipton assert the defense of lack of subject-matter jurisdiction. Tongkook's arguments are unpersuasive.

■ A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a "reasonable probability" that the claim is in excess of the statutory jurisdictional amount. *See Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir.1975). This is so because when a party chooses to proceed in federal court, "[the party] knows or should know whether [the] claim is within the statutory requirement as to amount." *St. Paul Mercury*, 303 U.S. at 290, 58 S.Ct. at 591. The amount in controversy is determined at the time the action is commenced. *See Nationwide Mut. Fire Ins. Co. v. T & D Cottage Auto Parts and Serv., Inc.*, 705 F.2d 685, 688 (3d Cir.1983). In addition, "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury*, 303 U.S. at 289–90, 58 S.Ct. at 590–91 (footnote omitted). Tong-

kook claims that because the actual amount in controversy was uncovered *after* the suit was commenced, the amount in controversy was reduced by an event *subsequent* to the institution of the suit. Thus, concludes Tongkook, because the amount in controversy was claimed in "good faith" and not as a ruse to confer federal jurisdiction, the judgment of the district court should be affirmed. We disagree.

In *St. Paul Mercury*, the Supreme Court stated that a plaintiff is responsible for knowing if its claim is within the statutory jurisdictional amount, and, thus

> [a plaintiff's] good faith in choosing the federal forum is open to challenge not only by resort to the face of [its] complaint, but by the facts disclosed at trial, and if from either source it is clear that [the plaintiff's] claim never could have amounted to the sum necessary to give jurisdiction there is no injustice in dismissing the suit.

303 U.S. at 290, 58 S.Ct. at 591. Herein, it was discovered during the course of discovery that the amount Shipton owed Tongkook was below the minimum statutory jurisdictional amount. It is clear from the pre-trial record that Tongkook could not properly claim the required statutory jurisdictional amount, and this was true when the action was commenced, although the fact was not uncovered until discovery began.

■ Tongkook argues that the facts of this case are distinguishable from cases such as *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199 (2d Cir.1982), and *Deutsch*, where the rulings of the respective district courts were reversed by this Court because they had improperly determined that the damages sought by the plaintiffs fell below the minimum statutory amount. Tongkook's argument is unpersuasive. In *Zacharia*, the district court dismissed the plaintiff's complaint for lack of jurisdiction because it determined that the defendant's liability was limited by statute to an amount below the minimum statutory jurisdictional amount. 684 F.2d at 202–03. We reversed this ruling, finding that jurisdiction is based upon the plaintiff's allegations, and that a valid defense does not deprive a federal court of jurisdiction. *Id.* at 202. In *Deutsch*, the district court dismissed

the plaintiff's complaint after determining that the injuries suffered could not justify a recovery in excess of the minimum statutory jurisdictional amount. 359 F.2d at 98. In reversing the district court's ruling, this Court held that when a plaintiff is seeking unliquidated damages in a tort action, a district court should permit the case to proceed and not predetermine whether the plaintiff could recover the minimum statutory amount. *Id.* at 99–100. Thus, *Zacharia* and *Deutsch* both involved claims for uncertain money damages. Where the damages sought are uncertain, the doubt should be resolved in favor of the plaintiff's pleadings. *See McDonald v. Patton*, 240 F.2d 424, 426 (4th Cir.1957). Here, there is little ambiguity as to the amount Shipton owed Tongkook—both parties acknowledged that Shipton owed Tongkook, at most, approximately $37,000.

We accept Tongkook's assertion that, at the time it instituted suit, it believed the amount in controversy exceeded the statutory jurisdictional amount. However, good faith has an objective element, and we cannot ignore what pre-trial discovery revealed— that from the outset, Tongkook, to a "legal certainty," could not recover the statutory jurisdictional amount. A plaintiff's subjective belief, alone, cannot be the controlling factor where, pre-trial, there is "[a] showing that, as a legal certainty, [the] plaintiff cannot recover the jurisdictional amount." *American Mut. Liab. Ins. Co. v. Campbell Lumber Mfg. Corp.*, 329 F.Supp. 1283, 1285 (N.D.Ga.1971) (citing *Jones v. Landry*, 387 F.2d 102 (5th Cir.1967)). Hence, while Tongkook's subjective "good faith" is one of the factors to assess in determining subject-matter jurisdiction, "good faith" alone does not control where it is apparent that, "to a legal certainty," Tongkook could not recover the requisite jurisdictional amount, and the case should

> be dismissed for want of jurisdiction.... However, the legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim. If the right of recovery is uncertain, the doubt should be resolved ...

in favor of the subjective good faith of the plaintiff.

*Patton,* 240 F.2d at 426; *see also Wiggins v. North Am. Equitable Life Assurance Co.,* 644 F.2d 1014, 1017 (4th Cir.1981) (quoting *Patton, supra* at 426); *Maryland Nat'l Bank v. Nolan,* 666 F.Supp. 797 (D.Md.1987) (court lacked diversity jurisdiction when plaintiff knew or should have known that its repossession and sale of vehicle, prior to filing complaint, had reduced debt defendants allegedly owed below the jurisdictional amount).

Consistent with the reasoning of the *American Mutual Liability* case, the Sixth Circuit has recently held that a "subsequent discovery of the true amount" in controversy, below the minimum statutory jurisdictional amount, required dismissal for lack of subject-matter jurisdiction. *See Jones v. Knox Exploration Corp.,* 2 F.3d 181, 183 (6th Cir. 1993).

Herein, although Tongkook was apparently unaware of it at the time it sued, it had drawn upon the letter of credit from Shipton's bank prior to the filing of its suit—hence, an event which preceded the commencement of the suit objectively altered the amount of Tongkook's claim. In a similar circumstance, a federal district court in Texas wrote

> [the plaintiff] was mistaken when [it] demanded the larger sum.... If [it] had known the true facts, [it] could not have in good faith claimed the amount stated.... [I]t is obvious that a recovery of the jurisdictional amount has been at all relevant times a legal impossibility. The fact that a mistake may have been honestly made in claiming the original amount could not convert what in the absence of the mistake would have been bad faith, into the kind of good faith necessary to vest jurisdiction in [the district court].

*Flournoy v. United States Aviation Underwriters, Inc.,* 206 F.Supp. 237, 238 (W.D.Tex. 1962).

■ Herein, the mistake was discovered later through pre-trial discovery—at that point, the suit should have been dismissed for lack of subject-matter jurisdiction. The fact that Shipton did not raise the defense of lack of subject-matter jurisdiction in its answer is not determinative, since subject-matter jurisdiction cannot be waived and the issue can be raised at any time in the course of litigation. Fed.R.Civ.P. 12(h)(3); *see also* 5A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* § 1393, at 764–776 (2d ed. 1990). Accordingly, we conclude that since Tongkook could not properly assert the minimum statutory jurisdictional amount, the district court lacked jurisdiction over the suit.

Under Texas law, the statute of limitations for a breach of contract for the sale of goods is four years. Tex.Bus. & Com.Code Ann. § 2.725(a) (West 1993). Thus, Tongkook, which has successfully litigated its claim in the district court, may be left in the position of being unable to recover the funds owed to it by Shipton. While we empathize with Tongkook's situation, this cannot justify conferring federal jurisdiction where it does not exist. This must be so, because "a court cannot obtain jurisdiction over a case merely by trying it; otherwise its decision to retain jurisdiction would be, effectively, unreviewable." *Parker & Parsley Petroleum Co. v. Dresser Indus.,* 972 F.2d 580, 587 (5th Cir. 1992). Accordingly, Tongkook's complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, we vacate the judgment of the district court; we remand to the district court with instructions to dismiss Tongkook's complaint for lack of subject-matter jurisdiction.