Linda **GUCCIARDO**, Plaintiff,

v.

**RELIANCE INSURANCE CO. and Marine Underwriters Agency, Inc., Defendants.**

**No. 98–CV–5080.**

United States District Court, E.D. New York.

Feb. 23, 2000.

Brian Gucciardo, Northport, NY, for plaintiff.

Waesche, Sheinbaum & O'Regan, P.C., New York City, by Nicholas P. Giuliano, of counsel, for defendant Reliance Insurance Co.

Babchick & Mond, New York City, for defendant Marine Underwriters Agency, Inc.

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

This diversity action concerns allegation by the Plaintiff that the Defendant, Reliance Insurance Co., breached its contract of insurance with the Plaintiff regarding payment for damages to her boat. The Defendants have moved for summary judgment under Fed.R.Civ.P. 56 on the grounds that the Plaintiff's case is untimely.

### BACKGROUND

On or about August 4, 1996, the Plaintiff purchased an insurance policy on her boat from the Defendant Reliance Insurance Co. ("Reliance") through Reliance's agent, Defendant Marine Underwriters Agency ("Marine"), insuring the hull against damage up to $55,000. On October 16, 1996, the boat broke free of its moorings during a storm and suffered significant hull damage. The Plaintiff timely notified the Defendants of the damage, and on March 14, 1997, submitted a repair estimate in the amount of $19,880. A surveyor dispatched by the insurance company inspected the vessel in April 1997 and determined the damages to be approximately $8,212. The parties then exchanged a series of letters, including letters dated April 7 and May 21, 1997 from Reliance that reminded the Plaintiff that her policy contained a 12–month statute of limitations on lawsuits arising under the policy. On May 28, 1997, a second survey of the vessel by the insurance company resulted in an estimation of damages at $22,283. On June 5, 1997, Reliance tendered to the Plaintiff a check for $21,733—the amount of the second estimate less the $550 policy deductible.

On June 10, 1997, the Plaintiff's former attorney wrote to Reliance, expressing dissatisfaction with Reliance's indication that the check was "final payment" on the claim, and threatened litigation. The Plaintiff insisted that Reliance warrant the repairs and leave the claim open in the event the re-launching of the boat revealed additional damage. Reliance refused to warrant the repairs, insisting that that was the function of the shop performing the repairs, not the insurance company. One month later, on July 9, 1997, the Plaintiff sent a fax to Reliance enclosing a Summons with Notice in a lawsuit against Reliance and its agent Marine in New York State Supreme Court, New York County. The summons, which indicated that the nature of the claim was "breach of contact, failure to resolve claim, unlawful business practices violations (sic) of New York State laws and regulations," demanded either $300,000 or $400,000 in economic and punitive damages, depending on which paragraph one reads. The summons was unsigned and did not bear an index number or any other indicia that it had been filed pursuant to CPLR 305(a).

Reliance re-surveyed the boat on March 27, 1998, and concluded that an additional $10,803 in damages existed. It does not appear that any payment by Reliance was made after this survey. The Plaintiff's former attorney wrote to Reliance's attorney on May 21, 1998, claiming that the Plaintiff was "doing everything possible to avoid costly litigation" and, in order to "prevent litigation," offered to settle the matter for an additional $17,500, plus any additional damages that might become evident when the boat is returned to the water. The May 21, 1998 letter also indicated that the Plaintiff was aware of Reliance's statute of limitations defense, but asserted that "there are many cases which prevent a carrier from raising that defense." Reliance rejected the Plaintiff's demand.

On July 17, 1998 a second summons, this time captioned in the Supreme Court, Suffolk County and bearing a 1998 index number, was sent to the Defendants, referencing similar causes of action to the first summons and demanding $300,000 in damages. It does not appear that the Defendants ever made a demand for the complaint upon receiving the Summons with Notice, and instead filed a general denial. On August 6, 1998, Reliance removed the case to this Court, citing both federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441(b)—although the notice of removal merely stated that "this is an action of an admiralty and maritime nature under Rule 9(h) of the Federal Rules of Civil Procedure" and did not specify a specific federal statute the claims allegedly arose from—and diversity under 28 U.S.C. § 1332 U.S.C. § 1331.

On or about January 18, 1999, the Plaintiff filed an amended complaint in this Court, containing six causes of action. The first cause of action alleged that the Defendants breached the contract of insurance by not fully reimbursing the Plaintiff for damages up to the $55,000 policy limit; the second cause of action alleged breach of the insurance contract by not paying $7,500 in storage fees that were continuing to accumulate on the boat; the third cause of action alleged that the Defendants' breach of the policy caused the Plaintiff to suffer a continuing loss of use of the boat resulting in damages of $16,000 at the time of the complaint; the fourth cause of action alleged that Reliance violated N.Y. Insurance Law § 2601 by failing to resolve the claim fairly, but did not claim any specific damages; the fifth cause of action alleged that "the Plaintiff has been forced to or will incur legal expenses in an attempt to enforce her rights pursuant to the contract of insurance," but did not specify a particular damage amount; the sixth cause of action alleged that Defendant Marine was not licensed to sell insurance in New York State, and improperly collected premiums from the Plaintiff and others, but again, did not assert a specific damage claim. Reliance then filed the in-

stant motion, seeking summary judgment based on the alleged untimeliness of the Plaintiff's case.

### DISCUSSION

Before turning to the merits of Reliance's motion, the Court, *sua sponte*, questions whether subject matter jurisdiction exists in this case. Upon its initial review of the pleadings, it appears that neither federal question nor diversity, the two grounds cited in Reliance's notice of removal, are present in this case.

### A. Federal question jurisdiction

█ Federal question jurisdiction exists when an action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331, *see also* 28 U.S.C. § 1441(b) (providing for removal of cases "founded on a claim or right arising under the Constitution, treaties, or laws of the United States").

It is clear from reviewing the Plaintiff's amended complaint that no federal statute is implicated in any of the causes of action. While Reliance is correct that the claim involves damage to a boat, nothing in the amended complaint raises a question of admiralty or maritime law. Rather, the amended complaint alleges a straightforward breach of contract claim arising from an insurance policy under New York state common law, and two claims for alleged violations of New York State's Insurance law. The Court is at a loss to discern any federal statute implicated by the Plaintiff's amended complaint—or for that matter, by the Plaintiff's state court Summons with Notice—and thus finds that no federal question jurisdiction warrants removal under 28 U.S.C. § 1441.

### B. Diversity jurisdiction

█ Where a civil action between citizens of different states involves an amount in controversy in excess of $75,000, excluding interest and costs, the federal courts have subject matter jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332.

The party invoking the jurisdiction of the federal court, here Reliance, has the burden of proving that it appears to a "reasonable probability" that the claim is in excess of the jurisdictional amount. *Chase Manhattan Bank N.A. v. American National Bank and Trust Co.*, 93 F.3d 1064, 1070 (2d Cir.1996). A lack of subject matter jurisdiction cannot be waived and can be raised at any time in an action, *Tongkook America v. Shipton Sportswear Co.*, 14 F.3d 781, 786 (2d Cir.1994), even *sua sponte* by the Court.

█ Satisfaction of the amount in controversy requirement is determined at the time of the filing of the complaint. *Wolde-Meskel v. Vocational Instruction Project Community Services Inc.*, 166 F.3d 59 (2d Cir.1999); *Tongkook*, 14 F.3d at 784. The amounts of damages claimed by the Plaintiff are presumptively valid and assumed to be in good faith, and may be rejected only upon a showing to a legal certainty that the claim is actually for less than the jurisdictional amount to justify dismissal. *Meskel*, 166 F.3d at 63; *Chase Manhattan*, 93 F.3d at 1070. However, where

█ Here, the unusually twisting path that this litigation has followed has left the Court confused as to which pleading should be examined. This lawsuit was commenced in state court pursuant to CPLR § 305(b), which allows a party to serve a Summons with Notice, rather than with a complaint. However, nearly all of the courts who have faced the issue have determined that the Summons with Notice is a "pleading" sufficient to invoke the removal provisions of 28 U.S.C. § 1441, and that a party who fails to remove an action promptly after receiving a Summons with Notice is thereafter prevented from removing the case when the complaint is eventually filed. *See e.g. Yoo v. Li*, 1996 WL 417517 (S.D.N.Y.1996); *Weimer v. City of Johnstown*, 931 F.Supp. 985 (N.D.N.Y.1996); *Colon v. National Car Rental*, 1993 WL 227596 (S.D.N.Y.1993). These holdings arise from the premise that

the notice accompanying the Summons is sufficiently detailed to allow the defendant to "intelligently ascertain removability." *Id.*

■ In this case, the notice served with the Plaintiff's state court Summons did allow the Defendants to ascertain removability, since the parties knew that they were diverse and that the Plaintiff was claiming damages in the amount of $300,-000. In ordinary circumstances, the inquiry would end here, since "the sum claimed by the Plaintiff controls" the decision of whether the amount in controversy is satisfied. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938). However, the courts in this circuit have held that although the allegations in the complaint control, facts developed during discovery may be used to shed light on the meaning of those allegations. *Kry v. Poleschuk,* 892 F.Supp. 574, 576 (S.D.N.Y.1995) *citing Tongkook,* 14 F.3d at 785, *and Zacharia v. Harbor Island Spa, Inc.,* 684 F.2d 199, 202 (2d Cir.1982); *see also Chase Manhattan Bank,* 93 F.3d at 1070. Indeed, where these facts reveal that the Plaintiff's claim could not reach the jurisdiction threshold at the time of filing the complaint, the suit must be dismissed. *Tongkook,* 14 F.3d at 785 *citing St. Paul,* 303 U.S. at 290, 58 S.Ct. 586.

■ Looked at through the clarifying prism of the Plaintiff's amended complaint, the imposing amount of $300,000 in damages referred to in the notice resolves itself into several smaller, more sharply defined elements that reveal the whole to be far greater than the sum of its parts. The Plaintiff's specific claims in the amended complaint consist of a demand for $55,000 in payment on the insurance policy for damages to the boat, $7,500 for storage fees, $16,000 for lost use, and an unspecified amount for legal fees and other sundry but unspecified damages. From the $55,000 demand, however, the Court must deduct the $21,733 already paid by Reliance on the policy. *See Tongkook,* 14

F.3d at 785 (where discovery revealed that the plaintiff had already been paid a substantial amount of the claim by the defendant before suit was filed, the reduction of the damages available to the plaintiff reduced the amount in controversy to below the statutory threshold, warranting dismissal). Thus, in actuality, the Plaintiff's maximum claim in this case appears to be $33,267 on the first cause of action ($55,000 policy limit less $21,733 already paid by Reliance), $7,500 on the second cause of action, and $16,000 on the third cause of action, for a total claim of $56,767, well below the jurisdictional threshold of 28 U.S.C. § 1332. While the Plaintiff characterizes the storage and lost use damages as "continuing," the Court notes that the amount in controversy standard is analyzed at the time the action is commenced, not periodically as damages continue to mount. *Tongkook,* 14 F.3d at 784–85.

■ Further, the potential, but unspecified, damages in the remaining causes of action, such as "legal expenses" and violation of the State Insurance Law do not aid the Plaintiff in reaching the amount necessary to maintain an action in federal court. The Plaintiff's fourth cause of action, alleged under N.Y. Insurance Law § 2601, which prohibits unfair claim settlement practices, does not support an award of damages because that statute grants no private right of action to an insured, *Rocanova v. Equitable Life Assur. Society,* 83 N.Y.2d 603, 612 N.Y.S.2d 339, 634 N.E.2d 940 (1994), but merely permits the New York State Department of Insurance to punish violators. The Plaintiff's fifth cause of action seeks "legal expenses," which are expressly excluded from calculation of the amount in controversy by 28 U.S.C. § 1332, *see Coker v. Bank of America,* 984 F.Supp. 757, 762 n. 2. Similar to the fourth cause of action, the Plaintiff's sixth cause of action does not identify any provision of the Insurance Law that affords her a private right of action to recover premiums paid to Marine as an unlicenced insurance broker. As one court has recently observed, "typically, courts do

not construe the Insurance Law as providing for a private right of action, in the absence of express language authorizing such enforcement." *McKinnon v. Int'l Fidelity Ins. Co.,* 1999 WL 1059808 (Sup.Ct., N.Y.Cty.1999), *citing Rocanova, supra.*

Moreover, even if this Court were to disregard the Plaintiff's amended complaint and examine the jurisdictional basis in light of only the claim in the Summons with Notice, *see e.g. Angus v. Shiley,* 989 F.2d 142, 145 (3d Cir.1993) (once a case satisfying amount in controversy is removed, subsequent amendments to the complaint that reduce the amount demanded do not defeat jurisdiction) *citing St. Paul,* 303 U.S. at 292, 58 S.Ct. 586, it would still find that the amount in controversy is questionable. The largest single component of the Plaintiff's claim is a demand for punitive damages. However, in contract cases, particularly *insurance contract* cases, the New York State Court of Appeals has expressed a great reluctance to permit punitive damage claims. As the Court in *Rocanova* held,

> [p]unitive damages are not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights.... [Only] where the breach of contract also involves a fraud evincing a "high degree of moral turpitude" and demonstrating "such wanton dishonesty as to imply a criminal indifference to civil obligations", punitive damages are recoverable if the conduct was "aimed at the public generally" ... Thus, a private party seeking to recover punitive damages must not only demonstrate egregious tortious conduct by which he or she was aggrieved, but also that such conduct was part of a pattern of similar conduct directed at the public generally. Clearly, then, the standard for awarding punitive damages in first-party insurance actions is "a strict one," and this extraordinary remedy will be available "only in a limited number of instances."

83 N.Y.2d at 613, 612 N.Y.S.2d at 342–43, 634 N.E.2d 940 (citations omitted). The tiny squib in the Summons with Notice merely listing titles for causes of actions certainly fails to meet this strict punitive damages pleading requirement. Thus the Court is justified in finding that "to a legal certainty," the Plaintiff could not prevail on a claim for punitive damages under the case as pled in the Summons with Notice. Even if this Court, despite *Angus, supra.,* considered the amended complaint as embellishing the minimal pleading of the Summons with Notice, it still fails to allege the elements required in *Rocanova;* indeed, the amended complaint does not attempt to claim *any* punitive damages. The remainder of the claims in the Summons, which the Plaintiff delineated as "breach of contract, failure to resolve claim, fraud, misrepresentation, unlawful business practices, violations of New York State laws and regulations," are also problematical. As discussed above, causes of action for "failure to resolve claim," "unlawful business practices," and "violations of New York State laws and regulations" do not support a private right of action by the Plaintiff to recover damages. *Supra.* As to the "breach of contract" claim, the very contract the Plaintiff claims was breached limits her to a recovery of $55,000, nearly half of which has already been paid. Finally, the Plaintiff has pleaded no facts, either in the Summons with Notice, or in the amended complaint, that suggest a viable cause of action for fraud or misrepresentation.

Under these circumstances, no matter what document—or combination of documents—the Court examines, it appears that the Plaintiff does not have subject matter jurisdiction to maintain this action in federal court. Therefore, Reliance's removal of the case to federal court cannot stand. As the Second Circuit stated in *Lupo v. Human Affairs International, Inc.,* 28 F.3d 269, 274 (2d Cir.1994):

> The rights to remove a state court action to federal court on diversity grounds is statutory, and must therefore be invoked in strict conformity with statutory requirements. In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of

preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.

(Citations omitted).

Accordingly, the Court finds that Reliance's removal of this case to federal court was unwarranted, as the demands made on both the face of the Summons with Notice and the amended complaint were, to a legal certainty, insufficient to demonstrate that the Plaintiff could recover more than $75,000 in damages on her claims. Pursuant to 28 U.S.C. § 1447(c), the case must be remanded where the Court finds that it lacks subject matter jurisdiction over the Plaintiff's complaint.

### CONCLUSION

For the foregoing reasons, this case is REMANDED to the Supreme Court, Suffolk County for further proceedings. Because this Court lacks subject matter jurisdiction, it will not pass on Reliance's motion for summary judgment. The Clerk of the Court is directed to close this case.

**SO ORDERED**