10-2448-cv
*Pucci v. Brown*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of May, two thousand eleven.

PRESENT:      ROBERT D. SACK,
              DEBRA ANN LIVINGSTON,
              GERARD E. LYNCH,
                          *Circuit Judges*.

_____

ALFRED C. PUCCI,
              *Plaintiff-Appellant*,

-v.-                                      No. 10-2448-cv

BARBARA BERISH BROWN,
              *Defendant-Appellee*.

_____

**FOR PLAINTIFF-APPELLANT**:        Alfred C. Pucci, *pro se*, Montrose, New York.

**FOR DEFENDANT-APPELLEE**:        No appearance.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Alfred C. Pucci ("Pucci"), *pro se*, appeals from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*), entered May 5, 2010, *sua*

*sponte* dismissing his complaint for lack of subject matter jurisdiction and, in the alternative, for failure to state a claim upon which relief may be granted. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's dismissal of a complaint for lack of subject matter jurisdiction *de novo*. *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 79-80 (2d Cir. 2005). "It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (internal quotation marks omitted). Here, Pucci's complaint suggests no basis for federal question jurisdiction, as he is not suing under the Constitution or any federal law. *See* 28 U.S.C. § 1331. Nor has Pucci pleaded any basis for a federal court to exercise diversity jurisdiction in this matter because, although he and the defendant are alleged to be diverse in citizenship, Pucci has failed to plead any amount in controversy, let alone an amount in excess of $75,000. *See, e.g.*, *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994) ("[T]he party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy."); *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount.").

Finally, we decline to remand to the district court to permit the *pro se* plaintiff to replead. On independent review of the record, "we do not find that the complaint liberally read suggests that the plaintiff has a claim that [ ]he has inadequately or inartfully pleaded and that [ ]he should therefore be given a chance to reframe." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)

(internal quotation marks and citation omitted).  While Pucci argues that he "entered into an implied and oral contract" with the Defendant-Appellee for certain services, the documents he himself has provided refute this assertion.  The record thus leaves no possibility that Plaintiff could assert a viable claim against this defendant.

We have considered all of Plaintiff-Appellant's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk