**Rose QADER, Plaintiff,**

v.

**CITIBANK, Defendant.**

**No. 12 Civ. 7770(VM).**

United States District Court,
S.D. New York.

Feb. 20, 2013.

Anthony Galano, III, Ellenoff Grossman & Schole, LLP, New York, NY, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge:

Defendant Citibank ("Citibank") filed a notice of removal (the "Notice of Remov-

---

al") pursuant to 28 U.S.C. §§ 1332, 1441(a), 1441(b), and 1446, to remove this action from the Supreme Court of the State of New York, New York County (the "State Court") (*Qader v. Citibank*, Index No. 652665/2012) to this Court. Citibank contends that removal of this action is proper because diversity jurisdiction exists under 28 U.S.C. § 1332. Plaintiff Rose Qader ("Qader") has failed to respond in a timely manner. The Court concludes that it lacks subject matter jurisdiction and remands this action to state court.

## I. BACKGROUND

Qader brought this action in the State Court, alleging "fraud, misrepresentation, consumer abuse, deceptive practices, intimidation, negligence, harassment, and malicious perceccution [sic]." (*See* Dkt. No, 1 (attached to Notice of Removal).) Qader asserts that on or about September 2009, her Banco Popular CD account, valued at $13,000, was frozen by Rushmore Recovery Agency. She asserts further that she has never had an account of any kind with Citibank and that she never had a credit card with Citibank and does not owe any money. Qader does not specify what role Citibank played in the alleged transaction, or whether any relationship exists between Citibank and Rushmore Recovery Agency or Banco Popular that would warrant naming Citibank as a defendant in this dispute. Neither does she assert any federal claims.

Qader previously brought an action in the Civil Court of the City of New York containing similar conclusory allegations (but alleging violations of federal law) that was removed to this Court; the Court dismissed that action with prejudice. *See Qader v. Rushmore Recovery City Bank, et al.*, No. 09 CV 6855 (S.D.N.Y. Oct. 29, 2009), appeal denied, No. 09–50310–cv (2d Cir.2011).

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a case to federal court if the district court has original jurisdiction over the action. The removing defendant has the burden of establishing that removal is proper. *See California Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir.2004). A district court must remand the action to state court if it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *see also In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 121–22 (2d Cir. 2007) (collecting cases reviewing removal jurisdiction *sua sponte*).

Citibank's Notice of Removal is based only on diversity jurisdiction. For a party to invoke diversity jurisdiction under 28 U.S.C. § 1332, the removing party must establish: (1) that plaintiffs and defendants are citizens of different states, *see Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998), and (2) that there is a "reasonable probability" that the claim exceeds the sum or value of $75,000.00, *see Colavito v. New York Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir.2006).

## III. DISCUSSION

█ Whether the parties to this action are diverse is not clear from the pleadings. Qader alleges that she is a New York resident and that Citibank has its main office in New York City. Citibank alleges, however, that "Citibank is a national banking association organized under the laws of the United States and is located in Sioux Falls, South Dakota." (Dkt. No. 1, ¶ 5.) This apparent discrepancy can be put aside, however, because neither party has alleged any facts demonstrating that the amount in controversy meets the $75,000 threshold. Qader claims damages of $600,000, but fails to set forth plausible

facts supporting this claim. Instead, Qader claims that her account, valued at $13,000, was frozen by an agency not named in this action, and that "Citibank failed to impose meaningful limits or guidelines to stop heavy-handed tactics to reclaim money." (Dkt. No. 1 (attached to Notice of Removal).) Qader does not articulate any theory that could lead to recovery of any amount from Citibank, or from any other actor, damages over the statutory limit of $75,000, let alone the claimed amount of $600,000.

■ Citibank claims that Qader's damages claim "controls the amount in controversy" for jurisdictional purposes. (Dkt. No. 1, ¶ 7.) And this Court recognizes that there is a "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Scherer v. Equitable Life Assurance Society of U.S.*, 347 F.3d 394, 397 (2d Cir.2003) (internal quotation and citation omitted); *see also Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir.1994) ("Where the damages sought are uncertain, the doubt should be resolved in favor of the plaintiff's pleadings.").

■ But the claimed amount is not always dispositive: jurisdiction is lacking "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed …" *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see also Tongkook*, 14 F.3d at 785 ("[Plaintiff's] 'good faith' alone does not control where it is apparent that, 'to a legal certainty,' [plaintiff] could not recover the requisite jurisdictional amount …"). In this case, Qader has not set forth any plausible facts showing that Citibank caused her damages in *any* amount. Accordingly, the Court is persuaded to a legal certainty that Qader cannot recover

damages in this action in excess of $75,000 and therefore dismisses the case for lack of jurisdiction.

## IV. ORDER

For the reasons stated above, it is hereby **ORDERED** that the Clerk of Court is directed to remand this matter to the Supreme Court of the State of New York, New York County (the "State Court"). The Clerk of Court is directed to mail a certified copy of this Order to plaintiff Rose Qader and to the Clerk of the State Court and to enter judgment remanding this case to the State Court.

**SO ORDERED.**