AMERICAN SAFETY CASUALTY INSURANCE COMPANY,
Plaintiff,

v.

385 ONDERDONK AVE., LLC, Matan Hacohen 573 Elton Court, and Furkat Khuseynov, Defendants.

No. 14–cv–3909 (WFK)(RER).

United States District Court, E.D. New York.

Signed Aug. 26, 2015.

Filed Aug. 27, 2015.

Anne M. Murray, I. Dominic Anamdi, Carlie Fitapelli, Rivkin Radler, LLP, Uniondale, NY, for Plaintiff.

Jeffrey M. Rosenberg, Rosenberg & Rosenberg LLP, New York, NY, Edward Richard Finkelstein, Finkelstein Filler LLP, Staten Island, NY, Michael W. Butler, White, Quinlan & Staley LLP, Garden City, NY, for Defendant.

## DECISION & ORDER

WILLIAM F. KUNTZ, II, District Judge:

Plaintiff American Safety Casualty Company ("Plaintiff") brought this action

against 385 Onderdonk Ave., LLC ("Onderdonk"), Matan Hacohen, 573 Elton Court, and Furkat Khuseynov (collectively, "Defendants") seeking a declaration that it has no insurance coverage obligations in connection with an underlying action filed by Furkat Khuseynov against Onderdonk and others in New York Supreme Court, County of Queens. Defendants Onderdonk and Matan Hacohen (collectively, the "Onderdonk Defendants") move to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. For the reasons discussed below, the Onderdonk Defendants' motion is DENIED.

## BACKGROUND

### The Underlying Action

On July 3, 2013, Furkat Khuseynov allegedly sustained bodily injury while working on a project involving " 'construction/renovation work' " at 385 Onderdonk Avenue in Queens, New York. Dkt. 1 ("Complaint") at ¶ 10. At the time of the accident, Mr. Khuseynov was employed by Elegant HVAC, Inc., a contractor hired to do work at 385 Onderdonk Avenue. *Id.* at ¶ 11. On or about December 13, 2014, Mr. Khuseynov filed an action in New York Supreme Court, County of Queens, against Onderdonk and other defendants asserting causes of action for negligence and violation of N.Y. Labor Law §§ 200, 240(1), and 241(6) (the "Underlying Action"). *Id.* at ¶ 12.

### The Policy and Coverage Under the Policy

Plaintiff issued General Commercial Liability policy number 214PK–14853–02 to Onderdonk for the policy period March 26, 2013 to March 26, 2014 (the "Policy"). *Id.* at ¶ 13. The Policy generally provides coverage for damages of " 'bodily injury' " or " 'property damage' " that take place during the policy period caused by an " 'occurrence' " or accident as defined by the Policy. *Id.* at ¶ 14. The Policy also contains Various terms, conditions, exclusions, and endorsements, including, but not limited to, an exclusion related to construction, renovation, and repairs known as the Designated Ongoing Operations Exclusion, and an endorsement related to independent or sub-contractor's coverage known as the Independent or Sub–Contractors Conditions Endorsement. *Id.* at ¶¶ 15–18.

The Designated Ongoing Operations Exclusion states in part that "[t]his insurance does not apply to 'bodily injury' or 'property damage' arising out of the ongoing operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others." *Id.* at ¶ 16. Ongoing operations as defined in the Schedule include "[a]ny construction, renovation or repairs." *Id.*

The Independent or Sub–Contractors Conditions and Endorsement only provides coverage to independent or sub-contractors when the following conditions have been met: "[w]ith respect to work performed on your behalf by independent contractors or subcontractors, if (1) each such independent contractor or subcontractor carries insurance providing coverage for the 'bodily injury' or 'property damage' that would be subject to [certain exclusions] and; (2) such insurance provides coverage and limits at least equal to that provided by this policy but for [certain exclusions] and; (3) you have been named as an additional insured on such coverage, then the [certain exclusions] shall not apply and this policy shall be excess over such insurance." *Id.* at ¶ 17. One such exclusion under the Independent or Subcontractors Conditions and Endorsement states "[t]his insurance does not apply to

'bodily injury' or 'property damage' arising out of any and all work performed by independent contractors or subcontractors, regardless of whether such work is performed on your behalf or whether such work is performed for you or for others. This exclusion applies regardless of where such work is performed. *Id.*

For purposes of the Underlying Action, Plaintiff disclaimed coverage under the Designated Ongoing Operations Exclusion and the Independent or Sub–Contractors Conditions Endorsement. *Id.* at ¶ 19. Nonetheless, as a courtesy, Plaintiff agreed to retain counsel to defend the Onderdonk Defendants in the Underlying Action, subject to its disclaimer of coverage and resolution of the current action. *Id.* at ¶ 20.

**Current Action**

Plaintiff brought this action against Defendants on the basis of diversity jurisdiction seeking a declaration that it has no insurance coverage obligations to defend or indemnify Defendants in the Underlying Action. *Id.* at ¶¶ 7–9, 45(a). According to Plaintiff, the Designated Ongoing Operations Exclusion precludes coverage under the Policy because the Underlying Action alleges bodily injury to Mr. Khuseynov arising out of ongoing construction, renovation and/or repair operations while Mr. Khuseynov was allegedly working. *Id.* at ¶¶ 21–26. Plaintiff also claims the Independent or Sub–Contractors Endorsement applies to preclude coverage under the Policy because (1) the conditions of the endorsement have not been met, and (2) the Underlying Action alleges bodily injury to Mr. Khuseynov arising out of work performed by independent contractors or subcontractors. *Id.* at ¶¶ 30–39. Lastly, Plaintiff claims that it has no duty to defend or indemnify Matan Hacohen and 573 Elton Court because they do not qualify as an insured party under the Policy. *Id.* at ¶¶ 40–44.

On April 14, 2015, the Onderdonk Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) claiming the Court lacks subject matter jurisdiction because Plaintiff has not met the amount in controversy requirement of more than $75,000 to sustain diversity jurisdiction. Dkt. 31–7 ("Motion in Support").

## DISCUSSION

### I. Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rules of Civil Procedure] Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000) (citing Fed.R.Civ.P. 12(b)(1)). "Once challenged, the burden of establishing jurisdiction rests with the party asserting that it exists. The party asserting subject matter jurisdiction has the burden of proving, by a preponderance of the evidence, that the court has subject matter jurisdiction." *Augienello v. F.D.I.C.*, 310 F.Supp.2d 582, 587–88 (S.D.N.Y.2004) (Sweet, J.,) (internal citations omitted).

"On a motion to dismiss for lack of subject matter jurisdiction, the court may resolve disputed jurisdictional factual issues by reference to evidence outside the pleadings[ ]" such as affidavits or other evidence. *Id.* at 588 (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986)). "[C]ourts must accept as true all material factual allegations in the complaint" and "refrain from drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." *Fox v. Commonw. Worldwide Chauffeured Transp. of NY, LLC*, 08–CV–1686, 2009 WL 1813230,

at *1 (E.D.N.Y. June 25, 2009) (Garaufis, J.) (internal quotation marks and citations omitted).

## II. Analysis—Subject Matter Jurisdiction Exists

In this case, the sole basis for jurisdiction alleged in the Complaint is 28 U.S.C. § 1332, which states in part "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States[.]" 28 U.S.C. § 1332(a)(1); *see* Complaint at ¶¶ 7–9. It is undisputed by the parties that they are citizens of different States. Therefore, the only issue between the parties is whether the amount in controversy "exceeds the sum or value of $75,000[.]" 28 U.S.C. § 1332(a). The Onderdonk Defendants argue the Court lacks jurisdiction because "[i]n this declaratory judgment action, the value of the object of the litigation as of the date the Complaint herein was filed did not equal or exceed $75,000.00, and the value cannot be increased without speculating as to events subsequent to the filing of the Complaint." Motion in Support at 9. Plaintiff argues the Court has jurisdiction to entertain this action because it has demonstrated a reasonable probability that the amount in controversy exceeds $75,000. Dkt. 32–1 ("Motion in Opposition") at 1–2. Plaintiff is correct.

█ The party invoking jurisdiction "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir.2003) (citing *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994)) (internal quotation marks omitted). The Second Circuit acknowledges this is not a difficult burden because

there is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id.* (internal quotation marks omitted) (citing *Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir.1999)).

█ To overcome this "face of the complaint" presumption, a party opposing jurisdiction must show "to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." *Id.* (internal quotation marks and citation omitted). There is a high bar for overcoming this presumption: "the legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Id.* (internal quotation marks, citations, and alterations omitted). "Even where the allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted." *Id.* (internal quotation marks, citations, and alterations omitted).

█ Courts must measure the amount in controversy as of the date of the complaint because "[o]nce jurisdiction has attached, it cannot be ousted by subsequent events." *Id.* (citation omitted). In declaratory judgment actions based on diversity jurisdiction, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)) (internal quotation marks omitted). "To determine the amount in controversy in such an action, the court looks to the pecuniary effect an adverse declaration will have on either party to the lawsuit." *Aetna Cas. & Sur. Co. v. Carpena*, 89–CV–8375, 1991 WL 120362, at *1 (S.D.N.Y. June 21, 1991) (Wood, J.) (adopting Report and Recom-

mendation of Magistrate Judge Gershon) (internal quotation marks and citation omitted); *see also Duzer Realty Corp. v. U.S. Underwriters Ins. Co.*, 12–CV–926, 2012 WL 2872306, at *2 (E.D.N.Y. July 12, 2012) (Garaufis, J.) ("[T]he object of [Plaintiff's] suit is a judicially enforceable right to full indemnification for any damages it may owe[.]"). "[T]he amount in controversy is calculated from the plaintiffs standpoint; the value of the suit's intended benefit or the value of the right being protected or the injury being averted constitutes the amount in controversy when damages are not requested." *Correspondent Servs. Corp.*, 442 F.3d at 769 (internal quotation marks and citations omitted).

■ Here, the value of the object of the litigation depends on Plaintiff's coverage obligations. If Plaintiff prevails on its claim in this lawsuit, it would be absolved of its duty to indemnify and/or defend Defendants in the Underlying Action. Conversely, a decision in favor of Defendants would result in Plaintiff having a duty to indemnify and/or defend Defendants in the Underlying Action. Complaint at ¶¶ 1, 19–45(b). The Onderdonk Defendants argue Plaintiff cannot meet the amount in controversy requirement because "[a]t the time this action was commenced, on June 24, 2014, Khuseynov had not sustained $75,000.00 in damages, based upon the bill of particulars he submitted in the State Court Action the month before." Motion in Support at 1. The Onderdonk Defendants are wrong.

From the face of the Complaint, Plaintiff alleges "the amount in controversy exceeds $75,000[.]" Complaint at ¶ 8. Moreover, at the time the Complaint was filed, Plaintiff had a good faith belief and reasonable probability that the amount in controversy would exceed the jurisdictional amount of $75,000. This is especially true given the costs associated with the Underlying Action if Plaintiff has to defend and indemnify Defendants for the Underlying Action. *See Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Trust Co. of Chi.*, 93 F.3d 1064, 1070 (2d Cir.1996) ("A plaintiff's good faith belief as of the filing date may be ascertained by reference to the pleadings and any facts on that subject adduced in discovery[.]"). For example, although Defendant Khuseynov's complaint in the Underlying Action makes no reference to a specific dollar amount for recovery pursuant to N.Y. C.P.L.R. 3017, the complaint in the Underlying Action is supported by a Bill of Particulars that alleges a total amount of damages as of July 3, 2013 to be $55,435.76. Dkt. 31–5 ("Bill of Particulars"). In addition to this baseline number, if Plaintiff is not absolved of its duty to indemnify and/or defend Defendants in the Underlying Action, there is a reasonable probability that Plaintiff believed the cost of litigation and/or any potential settlement could be well in excess of $20,000 at the time the Complaint was filed given the relatively infant nature of the Underling Action. *See, e.g., Chase Manhattan Bank, N.A.*, 93 F.3d at 1070. The Onderdonk Defendants attempt to argue this constitutes impermissible and wild speculation as to what it might cost Plaintiff to defend the Underlying Action, but at the time the Complaint was filed, Plaintiff, however, could have in good faith believed the cost of depositions, discovery, document review, and motion practice, especially with respected counsel representing both parties in the Underlying Action, would surpass $20,000, thereby bringing the current action within the jurisdictional threshold of 28 U.S.C. § 1332. *See* Dkt. 33 ("Reply in Support") at 1; *see also* Complaint at ¶ 8 ("the amount in controversy exceeds $75,000[.]"). Because Plaintiff meets the burden of proving to a reasonable probability that the claim is in

excess of $75,000, the burden shifts to the Onderdonk Defendants to rebut this presumption by establishing "to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." *Scherer*, 347 F.3d at 397 (internal quotation marks and citations omitted). The Onderdonk Defendants have failed to rebut this presumption to a legal certainty.

The only evidence the Onderdonk Defendants provide to rebut this presumption is the Bill of Particulars for damages in the amount of $55,435.76. *See* Bill of Particulars. According to the Onderdonk Defendants, because the $55,435.76 is "substantially below the requisite $75,000 necessary to qualify for diversity jurisdiction," and because "there is no specific allegation in the Complaint about the manner in which Plaintiff would sustain damages under the Policy that would exceed the damages sustained by Khuseynov[,]" this action should be dismissed for lack of subject matter jurisdiction. Motion in Support at 6. The Onderdonk Defendants go on to state that even "[a]ssuming, *arguendo*, that Plaintiff's costs of defending the [Underlying Action] would be included in their computation of damages, Plaintiff has not even alleged that the costs of defending the [Underlying Action] at the time the Complaint was filed somehow exceed the requisite $75,000 when combined with Khuseynov's damages at the time of filing." *Id.* at 6–7 (emphasis in the original). This, however, is not sufficient to establish legal certainty.

First, the Onderdonk Defendants are wrong to assume that the damages in the amount of $55,435.76 set forth in the Bill of Particulars, and nothing else, set the actual amount in controversy. As discussed directly above, the amount in controversy depends on the underlying value of the object of the litigation, which in turn depends on Plaintiff's coverage obligations. If Plaintiff does not prevail on its claim in this lawsuit, it would have a duty to indemnify and/or defend Defendants in the Underlying Action, which reasonably could result in costs in excess of the currently alleged $55,435.76 in damages plus $19,564.25, the amount needed to bring Plaintiff's full claim to the jurisdictionally necessary $75,000.01.

Second, while it is true Plaintiff's Complaint does not allege a specific dollar amount with respect to the costs to indemnify and/or defend Defendants, Plaintiff is not required to do so as long as the face of the complaint is a good faith representation of the actual amount in controversy. As discussed directly above, Plaintiff's Complaint, at the time it was filed, is a good faith representation that the actual amount in controversy exceeds $75,000.

Without more from the Onderdonk Defendants, the Court cannot state "the legal impossibility of recovery [is] so certain as virtually to negative [Plaintiff's] good faith in asserting the claim." *Scherer*, 347 F.3d at 397 (internal quotation marks and citations omitted). As previously stated, "[e]ven where the allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted." *Id.* (internal quotation marks and citations omitted). Accordingly, the Onderdonk Defendants' motion to dismiss is DENIED.

## CONCLUSION

For the reasons set forth above, the Onderdonk Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, Dkt. 31, is hereby DENIED.

**SO ORDERED.**