19-3227-cv
*Adler v. Payward, Inc.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand twenty.

PRESENT:    RALPH K. WINTER,
            REENA RAGGI,
            DENNY CHIN,
                    *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ROBERT C. ADLER,
                    *Plaintiff-Appellant*,

            -v-                                         19-3227-cv

PAYWARD, INC., d/b/a KRAKEN,
                    *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:         DAVID I. GREENBERGER, Bailey Duquette P.C., New York, New York; Roger K. Marion (*on the brief*), Marion & Allen, P.C., New York, New York.

FOR DEFENDANT-APPELLEE: MICHAEL J. O'CONNOR, Payward, Inc. d/b/a Kraken, San Francisco, California; Christopher N. LaVigne (*on the brief*), Withers Bergman LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Crotty, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

Plaintiff-appellant Robert C. Adler appeals from the judgment of the district court entered September 6, 2019 granting the motion to dismiss of defendant-appellee Payward, Inc. ("Payward") and denying Adler's cross-motion for leave to amend his complaint. On appeal, Adler argues principally that the district court (i) erred in dismissing his complaint for lack of subject matter jurisdiction and (ii) abused its discretion in denying him leave to amend his complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"[W]e . . . accept as true all material facts alleged in the complaint and draw all reasonable inferences in [Adler's] favor." *Saleh v. Sulka Trading Ltd.*, 957 F.3d 348, 353 (2d Cir. 2020). Adler, a citizen of New York, worked at Payward, a cryptocurrency company incorporated in Delaware with its principal place of business in California, from September 15, 2017 to May 31, 2018. His employment agreement

-2-

was memorialized in a letter contract, which he countersigned on August 25, 2017. The letter stated that Adler's "base salary will be $125,000 per year," he "will be granted 20,000 stock options," and he "will also receive health and other benefits." App'x at 19. It also included the following language:

> In addition to the foregoing and per our prior discussions (which included your entitlement to a bonus equity to [*sic*] 3.5% of the Trading Desk Profit), the Company expects to supplement this letter, after you become an employee and after further discussion with you, with additional terms to be mutually agreed to, concerning the bonus calculation and targets, and other terms applicable to this position and to the Trading Desk's business proposal.

App'x at 19. The parties failed to agree how to calculate the Trading Desk Profit and, therefore, Adler's commission, and Adler was paid only his base salary.

Adler's complaint alleges that Payward breached the commission provision of his employment agreement. He alleges that he is owed over $700,000 in commissions and a $5,000 bonus for referring an employee who was hired by Payward. The complaint seeks some $1.4 million in damages plus costs and attorneys' fees. Adler asserts that the district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

In concluding otherwise, the district court ruled that the employment contract, as it pertained to the commission, was "an unenforceable agreement to agree." App'x at 78. Because Adler did not allege that he and Payward agreed on the open

-3-

terms, the district court explained that there was no commission agreement for it to enforce. Accordingly, it found that Adler's claim that he was owed over $700,000 in commission failed "to a legal certainty" and dismissed his action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because Adler's remaining bonus claim failed to satisfy the amount in controversy requirement for federal jurisdiction. App'x at 79. We conclude the district court erred in dismissing the action for lack of subject matter jurisdiction.

Where, as here, a district court grants a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) based solely on the complaint (and attached documents), we review *de novo*. *See SM Kids, LLC v. Google LLC*, 963 F.3d 206, 210 (2d Cir. 2020).

It has been long established that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). We have explained that "[t]he fact that a plaintiff may not recover the minimum jurisdictional amount, or that a valid defense to the claim may exist, does not show [the plaintiff's] bad faith or oust the [court's] jurisdiction." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (internal quotation marks omitted). Rather, "the legal impossibility of recovery must be so certain as virtually to negat[e] the plaintiff's good faith in asserting

-4-

the claim." *Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Tr. Co. of Chi.*, 93 F.3d 1064, 1070 (2d Cir. 1996). Indeed, "the first test, i.e., the good faith test, is but a linguistic variant of the second . . . test -- the legal certainty standard." *Tongkook*, 14 F.3d at 784 (internal quotation marks omitted).

Here, the district court did not find -- and nothing in the record indicates -- that Adler inflated the amount in controversy to manufacture federal jurisdiction or that he asserted his commission claim in bad faith. *See Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). Nor do the pleadings show that Adler's recovery of the commission was a "legal impossibility." *Chase*, 93 F.3d at 1070. Indeed, regardless of whether Adler ultimately prevails, we conclude that the pleadings state a colorable claim for more than $75,000 in damages. *See Aurecchione v. Schoolman Transp. Syst., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (vacating district court's dismissal of complaint at pleadings stage of litigation, where plaintiff "made a colorable pleading of subject matter jurisdiction"). Accordingly, we vacate the district court's dismissal of the complaint for lack of subject matter jurisdiction.

Nevertheless, Payward urges us to affirm on the alternative ground that Adler failed to state a claim for which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). It argues that the district court correctly held that the commission provision in the employment contract was an unenforceable agreement to agree, and that Adler's

-5-

complaint should be dismissed on that basis. This conclusion could not be reached as a matter of law on the present record.

Under New York law, in general, "[a] mere agreement to agree, in which a material term is left for future negotiations, is unenforceable." *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 95 (2d Cir. 2007). "However, not all terms of a contract need be fixed with absolute certainty," and a "contract is not necessarily lacking in all effect merely because it expresses the idea that something is left to future agreement." *Id.* (applying New York law) (citations omitted). Indeed, "[i]n limited circumstances, a court may supply a missing term in a contract." *In re World Trade Ctr. Disaster Site Litig.*, 754 F.3d 114, 122 (2d Cir. 2014); *see also Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 248 (1995) (O'Connor, *J.*, concurring) ("[C]ourts should supply reasonable terms to fill gaps in incomplete contracts." (internal quotation marks and citation omitted)).

Here, the district court concluded that "[s]ince further discussions were contemplated, mutual assent regarding all material terms to be negotiated had clearly not been reached." App'x at 78. Specifically, the district court found that the parties failed to agree on a material term of the contract, *i.e.*, how to calculate the Trading Desk Profit. However, it did not consider whether circumstances would have permitted the court to fill in the gaps in the contract. Instead, it considered only briefly subsequent correspondence between Adler and Payward regarding payment of a commission.

Indeed, the court explicitly did not reach Payward's argument that Adler's complaint should be dismissed for its failure to state a claim.

When Adler's allegations in his complaint are accepted as true as they must be on a motion to dismiss, Adler plausibly alleged that the parties agreed that he would be paid a commission. The employment agreement, which was executed by both parties, referred to his "*base* salary" of $125,000 per year, implying that there would be something more, and it referred to his "*entitlement* to a bonus equity to [*sic*] 3.5% of the Trading Desk Profit." App'x at 19 (emphasis added). The complaint also alleged that Adler performed his duties and that the Trading Desk made millions in profits. Adler further alleged that he and Payward's CFO had corresponded about the commission and exchanged competing calculations of that year's Trading Desk Profit, which differed by more than $500,000. Moreover, Adler's complaint indicates that he no longer had access to his Payward emails or the company's books and records, which he suggests may shed light on whether the parties reached an agreement as to how his bonus would be calculated. Discovery -- including, for example, as to the parties' course of performance, further communications, industry practice or custom, the doctrine of *quantum valebat*, or other objective criteria -- may provide a basis for filling in any missing terms.

Finally, the district court denied Adler leave to amend his complaint because he "fail[ed] to establish a contractual right to a commission" and any

amendment would be futile.  App'x 79-80.  In light of our decision to vacate the dismissal of the complaint, we also vacate the district court's decision denying Adler leave to amend his complaint.

*  *  *

For the foregoing reasons, we **VACATE** the judgment of the district court and **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk