Wood v. Maguire

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 28th day of January, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             DEBRA ANN LIVINGSTON,
                     *Circuit Judges*.

_____

JULIA WOOD,

                     *Plaintiff-Appellant*,

        -v-                                            11-4497-cv

MAGUIRE AUTOMOTIVE, LLC, as successor to Bill Cook
Imports, Inc. a/k/a Bill Cooke Imports, Inc. and
VOLVO CARS OF NORTH AMERICA,

                     *Defendants-Appellees*.

_____

Appearing for Appellant:      Christopher V. Langone, Ithaca, NY

Appearing for Appellees:      John Alden Stevens, Williamson, Clune & Stevens, Ithaca, NY, *for Maguire Automotive, LLC*.

        Appeal from the United States District Court for the Northern District of New York (Suddaby, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Julia Wood appeals from the September 26, 2011 memorandum-decision and order of the United States District Court for the Northern District of New York (Suddaby, *J.*) granting defendants' motions to dismiss her complaint for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Pleading that the amount in controversy exceeds $75,000 creates "'a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'" *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (citation omitted). To overcome this presumption, the party challenging jurisdiction must demonstrate "'to a legal certainty' that the amount recoverable does not meet the jurisdictional threshold." *Id.* (citation omitted).

Wood alleges in her complaint that she exercised her right to revoke acceptance of the vehicle, and asserts several causes of action, including a claim for violation of the Magnuson-Moss Warranty Act. Jurisdiction under Magnuson-Moss is concurrent with the state courts, but federal court jurisdiction is restricted to those suits that can satisfy two relevant elements (1) the amount in controversy of any individual claim must be at least $25; and (2) the overall amount in controversy must be at least $50,000, excluding interest and costs. 15 U.S.C. § 2310(d)(3). Wood's allegation in her complaint of $75,000 in controversy is conclusory and not entitled to a presumption of truth. *See Ashcroft v. Iqbal*, 556 U.s. 662, 681 (2009). And Wood's argument that attorneys' fees should count toward the amount in controversy requirement appears in only one sentence of her brief, making it inadquately argued and thus waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

We have examined the remainder of appellant's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2