*GW Holdings v. US Highland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand nineteen.

PRESENT:
> PETER W. HALL
> JOSEPH F. BIANCO,
> > *Circuit Judges.*
> TIMOTHY C. STANCEU
> > *Judge.*\*

---

GW HOLDINGS GROUP, LLC,

> *Plaintiff-Appellant,*

> v.                                                            19-630

U.S. HIGHLAND, INC.,

> *Defendant-Appellee,*

---

\* Chief Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

Appearing for *Plaintiff-Appellant*:     JEFFREY FLEISCHMANN, New York, NY.

Appearing for *Defendant-Appellee*:     JEFFERY W. STEIDLEY, Houston, TX (Matthew Tracey, New York, NY *on the brief*),

Appeal from a judgment of the United States District Court for the Southern District of New York (Keenan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 16, 2018, is **VACATED** and the case is remanded for further proceedings.

Plaintiff-Appellant GW Holdings Group, LLC appeals from a judgment of the United States District Court dismissing its claims against Defendant-Appellee U.S. Highland, Inc. for lack of subject matter jurisdiction. The district court held that Plaintiff-Appellant failed to allege the requisite amount in controversy necessary to sustain a claim under 28 U.S.C. § 1332(a). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review 12(b)(1) dismissals de novo on the law, and for clear error on the facts." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d. Cir. 2003). Plaintiff-Appellant alleges that the two promissory notes at issue were worth respectively $55,000 and $36,750. It alleges that it was able to partially convert the first note but that Defendant-Appellee breached the terms of both agreements, causing contractual damages in excess of $225,000.

2

"A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (quoting *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir. 1975)). This is not an onerous burden. *Scherer*, 347 F.3d at 397. We recognize a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). Under our liberal standards, Plaintiff-Appellant met this initial burden. The value of the agreements was over $90,000, and Plaintiff-Appellant alleges that it is entitled to the difference between the share prices on the day conversion notices were sent and the day that the shares were required to have been delivered. There is no allegation that Plaintiff-Appellant's initial estimation of damages was made in bad faith.

Once a good faith representation has been made, the party opposing jurisdiction must show to a "legal certainty" that the amount recoverable does not meet the jurisdictional threshold. *Id.* It is not easy to do this. "[T]he legal impossibility of recovery must be so certain as virtually to negat[e] the plaintiff's good faith in asserting the claim." *Chase Manhattan Bank, N.A. v. Am. Nat. Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook*, 14 F.3d at 785). "[E]ven where [the] allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *see also*

*Tongkook*, 14 F.3d at 785 ("Where the damages sought are uncertain, the doubt should be resolved in favor of the plaintiff's pleadings.").

Defendant-Appellee failed to meet its burden. Defendant-Appellee makes various merits-related arguments that do not speak to Plaintiff-Appellant's theory of damages. Though Defendant-Appellee also moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim, the district court declined to reach that issue, and we decline to do so as well. Defendant-Appellee also argues that no rights under the second note had accrued in Plaintiff-Appellant at the time the action was commenced. Nevertheless, Defendant-Appellee has not demonstrated that the total damages could not reach the jurisdictional amount even if failure-to-convert damages or other damages under the second note were unavailable when the case was brought. In short, Defendant-Appellee has not shown that, "to a legal certainty," Plaintiff-Appellant's damages are less than the required $75,000. *Scherer*, 347 F.3d at 397. The district court placed disproportionate weight on Plaintiff-Appellant's statement that "calculating its losses is impossible," A15, in concluding that Defendant-Appellee made a showing sufficient to support dismissal.[1]

---

[1] *Wood v. Maguire Auto., LLC*, 508 F. App'x 65 (2d Cir. 2013) (summary order) is inapposite. There, the district court concluded that Plaintiff's explicitly alleged costs totaled just over $36,000, far below the amount in controversy requirement of 28 U.S.C. § 1332, and plaintiff claimed that possible punitive damages brought the amount in controversy over the jurisdictional threshold. *See Wood v. Maguire Auto., LLC*, No. 5:09-cv-0640, 2011 WL 4478485, at *7 (N.D.N.Y Sept. 26, 2011). Alleged punitive damages are subject to "closer scrutiny" when determining the amount in controversy. *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1033 n.1 (2d Cir. 1972). Here, Plaintiff-Appellant claims compensatory damages in excess of the jurisdictional threshold, and therefore the heightened scrutiny of *Zahn* does not apply.

4

Because Defendant-Appellee failed to show "to a legal certainty," that the amount recoverable does not meet the jurisdictional threshold, *Scherer*, 347 F.3d at 397, we need not address Plaintiff-Appellant's second argument that the district court improperly closed the case. The judgment of the district court is **VACATED**, and the case is **REMANDED** for further proceedings.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court