11-4437
*Kozaczek v. N.Y. Higher Educ. Servs. Corp.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of November, two thousand twelve.

PRESENT:
         JOHN M. WALKER, JR.,
         RICHARD C. WESLEY,
         PETER W. HALL,
              *Circuit Judges.*
_____

LESLIE KEVIN KOZACZEK,

              *Plaintiff-Appellant,*

         v.                                    11-4437

NEW YORK HIGHER EDUCATION SERVICES
CORPORATION,

              *Defendant-Appellee,*

GC SERVICES LIMITED PARTNERSHIP,

              *Defendant.*

_____

FOR PLAINTIFF-APPELLANT: Leslie Kevin Kozaczek, *pro se*, Brattleboro, VT.

FOR DEFENDANT-APPELLEE: Owen Demuth, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the District of Vermont (Murtha, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED.**

Appellant Leslie Kevin Kozaczek, proceeding *pro se*, appeals from the district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(1) of his complaint, which raised claims of a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692-1692p, and state law. The panel has reviewed the briefs and the record in this appeal and agrees unanimously that oral argument is unnecessary because "the facts and legal arguments [have been] adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. App. P. 34(a)(2)(C). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. This immunity also protects a state and state agencies, which are, effectively, arms of the state, from suits brought by the state's own citizens. *See Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). Congress can abrogate a state's immunity by: (1) unequivocally expressing its intent to do so, and (2) acting pursuant to a valid exercise of power. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996). Additionally, a state may waive its sovereign immunity and agree to be sued in federal court if the waiver is "an unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 n.1 (1985), *superseded by statute*, Rehabilitation Act Amendments of 1986, 1003 Pub.L. No. 99-506, *as recognized in Lane v. Pena*, 518 U.S. 187, 197-98 (1996).

We conclude that Kozaczek's appeal is without merit substantially on the basis articulated by the district court in its well-reasoned order.

Insofar as Kozaczek argues that Appellee New York Higher Education Services Corporation ("HESC") is not a state agency or that the Eleventh Amendment does not apply to it, his argument is without merit; this Court has held that the Eleventh Amendment can bar a suit against HESC. *See Oliver Sch., Inc. v. Foley*, 930 F.2d 248, 252 (2d Cir. 1991). Kozaczek's arguments that HESC waived Eleventh Amendment immunity are equally ineffectual. Although a state or state agency waives immunity from suit by removing to federal court, *see Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 619-20 (2002), HESC had not been properly served at the time Defendant GC Services removed this case and therefore did not consent to removal. Likewise, HESC did not waive immunity by filing motions to dismiss. *See Atascadero*, 473 U.S. at 238 n.1. We decline to consider arguments that Kozaczek raised for the first time on appeal. *See Virgilio v. City of N.Y.*, 407 F.3d 105, 116 (2d Cir. 2005).

We have considered all of Kozaczek's remaining arguments and find them to be without merit. Kozaczek's motion to deny HESC oral argument is now moot and the motion to reverse and remand is DENIED.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk