23-1003-cv
*Dingle v. U.S. Dep't of Educ.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of March, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

———————————————————————

ROBERT DINGLE, JR.,

*Plaintiff-Appellant*,

v.                                                                                     23-1003-cv

UNITED STATES DEPARTMENT OF EDUCATION,

*Defendant-Appellee*.\*

———————————————————————

FOR PLAINTIFF-APPELLANT:                Robert Dingle Jr., *pro se*, Cambria Heights, New York.

FOR DEFENDANT-APPELLEE:                Varuni Nelson and Dara A. Olds, Assistant United States Attorneys, *for* John J. Durham, Interim United States Attorney for the Eastern District of New York, Brooklyn, New York.

———————————————

\* The Clerk of the Court is respectfully directed to amend the caption on this Court's docket to be consistent with the caption on this order.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Eric R. Komitee, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on June 8, 2023, is **AFFIRMED**.

Robert Dingle, Jr., *pro se*, appeals from the district court's dismissal of his amended complaint, without prejudice, for lack of subject-matter jurisdiction. After commencing this action against Coast Professionals, Inc. and the United States Department of Education ("DOE"), Dingle filed an amended complaint against solely the DOE, claiming that the agency violated the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), his Fifth and Fourteenth Amendment rights, and several state law provisions. The DOE moved to dismiss the amended complaint, under Federal Rule of Civil Procedure 12(h)(3), for lack of subject-matter jurisdiction, or alternatively, for summary judgment under Federal Rule of Civil Procedure 56. The district court dismissed the amended complaint, without prejudice, for lack of subject-matter jurisdiction, concluding that the DOE was entitled to sovereign immunity. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"In reviewing a district court's dismissal of a complaint for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*." *Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 74 (2d Cir. 2008) (per curiam).

"It is . . . 'axiomatic' under the principle of sovereign immunity 'that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). "Moreover, waivers of sovereign immunity must be 'unequivocally expressed' in statutory text, and cannot simply be implied." *Id.* (quoting *United States v. Nordic Vill.,*

2

*Inc.*, 503 U.S. 30, 33 (1992)). "The shield of sovereign immunity protects not only the United States but also its agencies and officers when the latter act in their official capacities." *Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005).

The district court properly dismissed Dingle's amended complaint for lack of subject-matter jurisdiction because the DOE was entitled to sovereign immunity.

First, the DOE was entitled to sovereign immunity as to Dingle's FDCPA claims because no provision of the FDCPA unequivocally and expressly waived the government's sovereign immunity. *See generally* 15 U.S.C. § 1692 *et seq.*; *see also Kozaczek v. N.Y. Higher Educ. Servs. Corp.*, No. 10-cv-107 (JGM), 2011 WL 3687379, at *3 (D. Vt. Aug. 23, 2011) ("[T]he FDCPA does not contain an express and unequivocal waiver of state sovereign immunity."), *aff'd*, 503 F. App'x 60 (2d Cir. 2012) (summary order).

Second, the district court properly dismissed Dingle's constitutional claims against the DOE. With respect to Dingle's Fourteenth Amendment claims, "[t]he [F]ourteenth [A]mendment applies to the states but not to the federal government." *Noel v. Chapman*, 508 F.2d 1023, 1026 n.2 (2d Cir. 1975). As to his Fifth Amendment claim, "[t]he [Administrative Procedure Act ("APA")] generally waives the Federal Government's immunity from a suit 'seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority.'" *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 215 (2012) (quoting 5 U.S.C. § 702). However, "[u]nder the [APA], courts may not review agency actions unless such actions are 'final.'" *Shakhnes v. Berlin*, 689 F.3d 244, 260 (2d Cir. 2012). "Absent exhaustion, the [agency's] decision is neither final nor subject to judicial review." *In re SEC ex rel. Glotzer*, 374 F.3d 184, 189 (2d Cir. 2004) (internal quotation marks and citation omitted). Here, because Dingle did not allege that he had exhausted his

administrative remedies, there was no final agency action to review, and "the APA's waiver of sovereign immunity did not apply." *Id.* at 192.

Third, the DOE was entitled to sovereign immunity from Dingle's fraud and deceptive practices claims. Although the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* ("FTCA"), provides a limited waiver of sovereign immunity for certain tort claims, the FTCA "precludes tort suits against federal agencies." *Rivera v. United States*, 928 F.2d 592, 609 (2d Cir. 1991) (citing 28 U.S.C. § 2679(a)). "The only proper federal institutional defendant in such an action is the United States." *Id.*

Dingle's argument that the DOE waived sovereign immunity and subject-matter jurisdiction is unavailing. "[S]ubject-matter jurisdiction cannot be waived and the issue can be raised at any time in the course of litigation." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 786 (2d Cir. 1994); *see* Fed. R. Civ. P. 12(h)(3). Dingle also argues that the district court had subject-matter jurisdiction under 28 U.S.C. § 1331, but "[s]ection 1331 is in no way a general waiver of sovereign immunity." *Doe v. Civiletti*, 635 F.2d 88, 94 (2d Cir. 1980).

*       *       *

We have considered Dingle's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We direct the district court to evaluate Dingle's submissions for certain sensitive information, such as social security, taxpayer identification, or financial account information, which may not be included in public filings, unless the court so orders. *See* Fed. R. Civ. P. 5.2(a).

4